PAUL HASTINGS LLP
MARY C. DOLLARHIDE (SB# 138441)
marydollarhide@paulhastings.com
HALEY M. MORRISON (SB# 259913)
haleymorrison@paulhastings.com
4747 Executive Drive
12th Floor
San Diego, CA  92121
Telephone:  1(858) 458-3000
Facsimile:  1(858) 458-3005

PAUL HASTINGS LLP
MARIO C. ORTEGA (SB# 272455)
marioortega@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant
PSS WORLD MEDICAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| CAREY HAUSER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PSS WORLD MEDICAL, INC., a Florida corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SACV 13-759-JLS(ANx)<br><br>**DEFENDANT PSS WORLD MEDICAL, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF CAREY HAUSER'S COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Action Removed:  May 13, 2013<br>Discovery Cut-Off:  October 17, 2014<br>Pretrial Conference: February 6, 2015<br>Trial Date:  February 24, 2015 |

1  TO PLAINTIFF CAREY HAUSER AND TO HIS ATTORNEYS OF RECORD,

2  JEAN-CLAUDE LAPUYADE, ESQ., THE JCL LAW FIRM, NORMAN B.

3  BLUMENTHAL, ESQ., AND BLUMENTHAL, NORDREHAUG & BHOWMIK:

4

5  Defendant PSS World Medical, Inc. ("PSS," "Defendant," or the

6  "Company"), for itself alone and no other person or entity, hereby answers and

7  pleads in response to the unverified complaint (the "Complaint") of Plaintiff Carey

8  Hauser ("Plaintiff"), as follows:

9

10  **ALLEGATIONS IN PLAINTIFF'S COMPLAINT**

11

12  THE PARTIES

13  1.    Answering Paragraph 1, PSS admits that it is a Florida corporation.

14  PSS further admits that its principal place of business is located within Florida.

15  PSS further admits that it conducts business in the state of California, including

16  within the city of Fullerton.  Except as expressly so admitted, PSS denies each and

17  every allegation contained in Paragraph 1.

18

19  2.    Answering Paragraph 2, PSS admits that it is a leading distributor of

20  medical supplies to healthcare providers, including physicians.  PSS further admits

21  that its operations include a distribution network comprised of various distribution

22  centers and break freight locations.  PSS further admits that it was founded in 1983.

23  Except as expressly so admitted, PSS denies each and every allegation contained in

24  Paragraph 2.

25

26  3.    Answering Paragraph 3, PSS admits that Plaintiff was employed by the

27  Company in California from January 2009 to April 2012.  PSS further admits that

28  Plaintiff worked as a driver throughout his employment with the Company.  PSS

1   further admits that during his employment with the Company, Plaintiff was paid on

2   an hourly basis, and was eligible to earn additional compensation in the form of

3   non-discretionary performance bonuses.  PSS further admits that during the relevant

4   time period, Plaintiff sometimes met the requirements to receive such performance

5   bonuses, and was paid that bonus compensation accordingly.  Except as expressly

6   so admitted, PSS denies each and every allegation contained in Paragraph 3.

7

8       4.      Answering Paragraph 4, PSS admits that Plaintiff seeks to bring this

9   lawsuit on behalf of himself and a proposed class of individuals.  PSS denies that

10   certification of a class would be appropriate in this matter, or that Plaintiff or the

11   putative class members are entitled to any relief.  Except as expressly so admitted,

12   PSS denies each and every allegation contained in Paragraph 4.

13

14       5.      Answering Paragraph 5, PSS denies each and every allegation

15   contained therein.

16

17       6.      Answering Paragraph 6, PSS admits that during the relevant time

18   period, some of its employees, including Plaintiff, were paid on an hourly basis,

19   and were eligible to earn additional compensation in the form of non-discretionary

20   performance-based bonuses.  PSS further admits that an error in overtime

21   calculations occurred and was rectified with the assistance and oversight of the

22   United States Department of Labor.  Plaintiff's allegations that (1) "[s]tate law

23   provides that employees must be paid overtime at one-and-one-half times their

24   'regular rate of pay'"; and (2) "[a]s a matter of law, the bonus compensation

25   received by the PLAINTIFF and other CALIFORNIA CLASS Members must be

26   included in the 'regular rate of pay,'" are conclusions of law, and therefore require

27   no response.  Except as expressly so admitted, and to the extent that Paragraph 6

28

contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

7.    Answering Paragraph 7, PSS admits that an error in overtime calculations occurred and was rectified with the assistance and oversight of the United States Department of Labor.  Plaintiff's allegation that "the wage statements issued to PLAINTIFF and other CALIFORNIA CLASS Members violate California law" is a conclusion of law, and therefore requires no response.  PSS denies each and every remaining allegation contained in Paragraph 7.

8.    Answering Paragraph 8, PSS admits that Plaintiff seeks certain injunctive relief and other remedies on behalf of himself and a proposed class of individuals.  PSS denies that certification of a class would be appropriate in this matter, or that Plaintiff or the putative class members are entitled to any relief.  The remaining allegations in Paragraph 8 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 8 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

9.    Answering Paragraph 9, PSS admits that "different non-exempt employees" worked "different shifts" during the relevant time period.  Except as expressly so admitted, PSS denies each and every allegation contained in Paragraph 9.

10.    Answering Paragraph 10, PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and, on that basis, denies each and every one of those allegations.

11.     Answering Paragraph 11, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 11 contains any factual allegations, PSS denies each and every one of those allegations.

## THE [ALLEGED] CONDUCT

12.     Answering Paragraph 12, PSS admits that an error in overtime calculations occurred and was rectified with the assistance and oversight of the United States Department of Labor.  The remaining allegations in Paragraph 12 state only arguments and conclusions of law, and therefore require no response. Except as expressly so admitted, and to the extent that Paragraph 12 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

13.     Answering Paragraph 13, PSS denies each and every allegation contained therein.

14.     Answering Paragraph 14, PSS denies that it required any of its employees to work "off the clock."  PSS further denies that it failed to properly compensate its employees for time spent completing safety quizzes or online training.  PSS further denies that it "manipulate[d]" its employees' time records. The remaining allegations in Paragraph 14 state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 14 contains any additional factual allegations, PSS denies each and every allegation contained therein.

15.     Answering Paragraph 15, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no

response.  To the extent that Paragraph 15 contains any factual allegations, PSS denies each and every one of those allegations.

16.     Answering Paragraph 16, PSS denies that it directed its employees to unlawfully "alter" or "shave" time from their time records.  The remaining allegations in Paragraph 16 state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 16 contains any additional factual allegations, PSS denies each and every allegation contained therein.

17.     Answering Paragraph 17, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 17 contains any factual allegations, PSS denies each and every one of those allegations.

18.     Answering Paragraph 18, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 18 contains any factual allegations, PSS denies each and every one of those allegations.

19.     Answering Paragraph 19, PSS admits that an error in overtime calculations occurred and was rectified with the assistance and oversight of the United States Department of Labor.  The remaining allegations in Paragraph 19 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 19 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

DEFENDANT PSS WORLD MEDICAL, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

20.  Answering Paragraph 20, PSS admits that during his employment with the Company, Plaintiff was paid an hourly wage, and was eligible to earn performance-based bonuses.  PSS further admits that during the relevant time period, Plaintiff sometimes met the requirements to receive performance-based bonus compensation, and was paid that bonus compensation accordingly.  PSS further admits that during the relevant time period, Plaintiff sometimes represented on his time records that he had worked overtime, and was paid for those overtime hours accordingly.  PSS further admits that an error in overtime calculations occurred and was rectified with the assistance and oversight of the United States Department of Labor.  Plaintiff's allegations that (1) the "bonus monies paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's 'regular rate of pay'";
(2) "DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately display PLAINTIFF's correct rates of overtime pay"; and
(3) "DEFENDANT has not paid PLAINTIFF the overtime wages still owed to him or any penalty wages owed to him under Cal. Labor Code Section 203" are conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 20 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

## JURISDICTION AND VENUE

21.  Answering Paragraph 21, PSS admits that Plaintiff seeks to bring this lawsuit on behalf of himself and a proposed class of individuals.  PSS denies that certification of a class would be appropriate in this matter, or that Plaintiff or the putative class members are entitled to any relief.  The remaining allegations in Paragraph 21 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 21

DEFENDANT PSS WORLD MEDICAL, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

1    contains any factual allegations other than those expressly admitted, PSS denies

2    each and every allegation contained therein.

3

4         22.    Answering Paragraph 22, PSS lacks knowledge or information

5    sufficient to form a belief about the truth of Plaintiff's allegation regarding his

6    residency and, on that basis, denies that allegation.  PSS admits that Plaintiff

7    worked for the Company within Orange County, California.  PSS further admits

8    that it has, at all relevant times, maintained facilities in Orange County, California.

9    The remaining allegations in Paragraph 22 state only arguments and conclusions of

10   law, and therefore require no response.  Except as expressly so admitted, and to the

11   extent that Paragraph 22 contains any factual allegations other than those expressly

12   admitted, PSS denies each and every allegation contained therein.

13

14              <u>THE [PURPORTED] CALIFORNIA CLASS</u>

15        23.    Answering Paragraph 23, PSS admits that Plaintiff seeks to pursue a

16   cause of action under California Business and Professions Code section 17200 *et*

17   *seq.* on behalf of a proposed class of individuals.  PSS denies that certification of a

18   class would be appropriate in this matter, or that Plaintiff or the putative class

19   members are entitled to any relief.  Except as expressly so admitted, PSS denies

20   each and every allegation contained in Paragraph 23.

21

22        24.    Answering Paragraph 24, PSS responds that the allegations contained

23   therein state only arguments and conclusions of law, and therefore require no

24   response.  To the extent that Paragraph 24 contains any factual allegations, PSS

25   denies each and every one of those allegations.

26

27        25.    Answering Paragraph 25, PSS responds that the allegations contained

28   therein state only arguments and conclusions of law, and therefore require no

-7-

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1    response.  To the extent that Paragraph 25 contains any factual allegations, PSS

2    denies each and every one of those allegations.

3

4         26.    Answering Paragraph 26, PSS admits that an error in overtime

5    calculations occurred and was rectified with the assistance and oversight of the

6    United States Department of Labor.  The remaining allegations in Paragraph 26

7    state only arguments and conclusions of law, and therefore require no response.

8    Except as expressly so admitted, and to the extent that Paragraph 26 contains any

9    factual allegations other than those expressly admitted, PSS denies each and every

10   allegation contained therein.

11

12        27.    Answering Paragraph 27, PSS responds that the allegations contained

13   therein state only arguments and conclusions of law, and therefore require no

14   response.  To the extent that Paragraph 27 contains any factual allegations, PSS

15   denies each and every one of those allegations.

16

17        28.    Answering Paragraph 28, PSS responds that the allegations contained

18   therein state only arguments and conclusions of law, and therefore require no

19   response.  To the extent that Paragraph 28 contains any factual allegations, PSS

20   denies each and every one of those allegations.

21

22        29.    Answering Paragraph 29, PSS responds that the allegations contained

23   therein state only arguments and conclusions of law, and therefore require no

24   response.  To the extent that Paragraph 29 contains any factual allegations, PSS

25   denies each and every one of those allegations.

26

27        30.    Answering Paragraph 30, PSS admits that an error in overtime

28   calculations occurred and was rectified with the assistance and oversight of the

1   United States Department of Labor.  The remaining allegations in Paragraph 30
2   state only arguments and conclusions of law, and therefore require no response.
3   Except as expressly so admitted, and to the extent that Paragraph 30 contains any
4   factual allegations other than those expressly admitted, PSS denies each and every
5   allegation contained therein.

6

7       31.     Answering Paragraph 31, PSS admits that during his employment with
8   the Company, Plaintiff was paid on an hourly basis, and was eligible to earn
9   additional compensation in the form of non-discretionary performance-based
10  bonuses.  PSS further admits that Plaintiff sometimes met the requirements to
11  receive performance-based bonus compensation, and was paid that bonus
12  compensation accordingly.  The remaining allegations in Paragraph 31 state only
13  arguments and conclusions of law, and therefore require no response.  Except as
14  expressly so admitted, and to the extent that Paragraph 31 contains any factual
15  allegations other than those expressly admitted, PSS denies each and every
16  allegation contained therein.

17

18      32.     Answering Paragraph 32, PSS responds that the allegations contained
19  therein state only arguments and conclusions of law, and therefore require no
20  response.  To the extent that Paragraph 32 contains any factual allegations, PSS
21  denies each and every one of those allegations.

22

23      33.     Answering Paragraph 33, PSS responds that the allegations contained
24  therein state only arguments and conclusions of law, and therefore require no
25  response.  To the extent that Paragraph 33 contains any factual allegations, PSS
26  denies each and every one of those allegations.

27

28

34.    Answering Paragraph 34, PSS admits that it maintains records indicating the name and job title of each of its employees.  PSS lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that he "will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified" and, on that basis, denies that allegation.  The remaining allegations in Paragraph 34 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 34 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

## THE [PURPORTED] CALIFORNIA SUB-CLASS

35.    Answering Paragraph 35, PSS admits that Plaintiff seeks to pursue his second, third, and fourth causes of action on behalf of a proposed class of individuals.  PSS denies that certification of a class would be appropriate in this matter, or that Plaintiff or the putative class members are entitled to any relief.  Except as expressly so admitted, PSS denies each and every allegation contained in Paragraph 35.

36.    Answering Paragraph 36, PSS admits that an error in overtime calculations occurred and was rectified with the assistance and oversight of the United States Department of Labor.  The remaining allegations in Paragraph 36 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 36 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

37.    Answering Paragraph 37, PSS admits that it maintains records indicating the name and job title of each of its employees.  PSS lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that he "will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified" and, on that basis, denies that allegation.  The remaining allegations in Paragraph 37 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 37 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

38.    Answering Paragraph 38, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 38 contains any factual allegations, PSS denies each and every one of those allegations.

39.    Answering Paragraph 39, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 39 contains any factual allegations, PSS denies each and every one of those allegations.

40.    Answering Paragraph 40, PSS admits that its employees, including Plaintiff, "were paid for overtime hours worked."  PSS further admits that during the relevant time period, some of its employees, including Plaintiff, were paid on an hourly basis, and were eligible to earn additional compensation in the form of non-discretionary performance-based bonuses.  PSS further admits that an error in overtime calculations occurred and was rectified with the assistance and oversight of the United States Department of Labor.  The remaining allegations in Paragraph

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1    40 state only arguments and conclusions of law, and therefore require no response.

2    Except as expressly so admitted, and to the extent that Paragraph 40 contains any

3    factual allegations other than those expressly admitted, PSS denies each and every

4    allegation contained therein.

5

6        41.     Answering Paragraph 41, PSS responds that the allegations contained

7    therein state only arguments and conclusions of law, and therefore require no

8    response.  To the extent that Paragraph 41 contains any factual allegations, PSS

9    denies each and every one of those allegations.

10

11       42.     Answering Paragraph 42, PSS admits that during his employment with

12   the Company, Plaintiff was paid on an hourly basis, and was eligible to earn

13   additional compensation in the form of non-discretionary performance-based

14   bonuses.  PSS further admits that Plaintiff sometimes met the requirements to

15   receive performance-based bonus compensation, and was paid that bonus

16   compensation accordingly.  The remaining allegations in Paragraph 42 state only

17   arguments and conclusions of law, and therefore require no response.  Except as

18   expressly so admitted, and to the extent that Paragraph 42 contains any factual

19   allegations other than those expressly admitted, PSS denies each and every

20   allegation contained therein.

21

22       43.     Answering Paragraph 43, PSS responds that the allegations contained

23   therein state only arguments and conclusions of law, and therefore require no

24   response.  To the extent that Paragraph 43 contains any factual allegations, PSS

25   denies each and every one of those allegations.

26

27       44.     Answering Paragraph 44, PSS responds that the allegations contained

28   therein state only arguments and conclusions of law, and therefore require no

1  response.  To the extent that Paragraph 44 contains any factual allegations, PSS

2  denies each and every one of those allegations.

3

4  FIRST CAUSE OF ACTION

5      45.     Answering Paragraph 45, PSS admits that Plaintiff seeks to re-allege

6  and incorporate by reference "paragraphs 1 through 44 of [his] Complaint."  PSS

7  hereby incorporates by reference each of its responses to the allegations that

8  Plaintiff re-alleges and incorporates by reference in Paragraph 45.

9

10      46.     Answering Paragraph 46, PSS responds that the allegations contained

11  therein state only arguments and conclusions of law, and therefore require no

12  response.  To the extent that Paragraph 46 contains any factual allegations, PSS

13  denies each and every one of those allegations.

14

15      47.     Answering Paragraph 47, PSS responds that the allegations contained

16  therein state only arguments and conclusions of law, and therefore require no

17  response.  To the extent that Paragraph 47 contains any factual allegations, PSS

18  denies each and every one of those allegations.

19

20      48.     Answering Paragraph 48, PSS responds that the allegations contained

21  therein state only arguments and conclusions of law, and therefore require no

22  response.  To the extent that Paragraph 48 contains any factual allegations, PSS

23  denies each and every one of those allegations.

24

25      49.     Answering Paragraph 49, PSS admits that an error in overtime

26  calculations occurred and was rectified with the assistance and oversight of the

27  United States Department of Labor.  The remaining allegations in Paragraph 49

28  state only arguments and conclusions of law, and therefore require no response.

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1   Except as expressly so admitted, and to the extent that Paragraph 49 contains any
2   factual allegations other than those expressly admitted, PSS denies each and every
3   allegation contained therein.

4

5       50.    Answering Paragraph 50, PSS responds that the allegations contained
6   therein state only arguments and conclusions of law, and therefore require no
7   response.  To the extent that Paragraph 50 contains any factual allegations, PSS
8   denies each and every one of those allegations.

9

10      51.    Answering Paragraph 51, PSS responds that the allegations contained
11  therein state only arguments and conclusions of law, and therefore require no
12  response.  To the extent that Paragraph 51 contains any factual allegations, PSS
13  denies each and every one of those allegations.

14

15      52.    Answering Paragraph 52, PSS responds that the allegations contained
16  therein state only arguments and conclusions of law, and therefore require no
17  response.  To the extent that Paragraph 52 contains any factual allegations, PSS
18  denies each and every one of those allegations.

19

20      53.    Answering Paragraph 53, PSS responds that the allegations contained
21  therein state only arguments and conclusions of law, and therefore require no
22  response.  To the extent that Paragraph 53 contains any factual allegations, PSS
23  denies each and every one of those allegations.

24

25      54.    Answering Paragraph 54, PSS admits that Plaintiff seeks to recover
26  overtime wages and meal period penalties allegedly owed to him and a proposed
27  class of individuals.  PSS denies that certification of a class would be appropriate in
28  this matter, or that Plaintiff or the putative class members are entitled to any relief.

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1   Except as expressly so admitted, PSS denies each and every allegation contained in

2   Paragraph 54.

3

4        55.    Answering Paragraph 55, PSS admits that Plaintiff seeks to recover

5   rest period penalties allegedly owed to him and a proposed class of individuals.

6   PSS denies that certification of a class would be appropriate in this matter, or that

7   Plaintiff or the putative class members are entitled to any relief.  Except as

8   expressly so admitted, PSS denies each and every allegation contained in Paragraph

9   55.

10

11        56.    Answering Paragraph 56, PSS responds that the allegations contained

12   therein state only arguments and conclusions of law, and therefore require no

13   response.  To the extent that Paragraph 56 contains any factual allegations, PSS

14   denies each and every one of those allegations.

15

16        57.    Answering Paragraph 57, PSS responds that the allegations contained

17   therein state only arguments and conclusions of law, and therefore require no

18   response.  To the extent that Paragraph 57 contains any factual allegations, PSS

19   denies each and every one of those allegations.

20

21        58.    Answering Paragraph 58, PSS responds that the allegations contained

22   therein state only arguments and conclusions of law, and therefore require no

23   response.  To the extent that Paragraph 58 contains any factual allegations, PSS

24   denies each and every one of those allegations.

25

26   <u>SECOND CAUSE OF ACTION</u>

27        59.    Answering Paragraph 59, PSS admits that Plaintiff seeks to re-allege

28   and incorporate by reference "paragraphs 1 through 59 [*sic*] of [his] Complaint."

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

PSS hereby incorporates by reference each of its responses to the allegations that Plaintiff re-alleges and incorporates by reference in Paragraph 59.

60.     Answering Paragraph 60, PSS admits that Plaintiff seeks to pursue claims for alleged violations of the California Labor Code and the applicable Industrial Welfare Commission wage orders on behalf of himself and a proposed class of individuals.  PSS denies that certification of a class would be appropriate in this matter, or that Plaintiff or the putative class members are entitled to any relief. PSS further admits that an error in overtime calculations occurred and was rectified with the assistance and oversight of the United States Department of Labor.  The remaining allegations in Paragraph 60 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 60 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

61.     Answering Paragraph 61, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 61 contains any factual allegations, PSS denies each and every one of those allegations.

62.     Answering Paragraph 62, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 62 contains any factual allegations, PSS denies each and every one of those allegations.

63.     Answering Paragraph 63, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no

1   response.  To the extent that Paragraph 63 contains any factual allegations, PSS

2   denies each and every one of those allegations.

3

4        64.     Answering Paragraph 64, PSS responds that the allegations contained

5   therein state only arguments and conclusions of law, and therefore require no

6   response.  To the extent that Paragraph 64 contains any factual allegations, PSS

7   denies each and every one of those allegations.

8

9        65.     Answering Paragraph 65, PSS responds that the allegations contained

10  therein state only arguments and conclusions of law, and therefore require no

11  response.  To the extent that Paragraph 65 contains any factual allegations, PSS

12  denies each and every one of those allegations.

13

14       66.     Answering Paragraph 66, PSS admits that an error in overtime

15  calculations occurred and was rectified with the assistance and oversight of the

16  United States Department of Labor.  The remaining allegations in Paragraph 66

17  state only arguments and conclusions of law, and therefore require no response.

18  Except as expressly so admitted, and to the extent that Paragraph 66 contains any

19  factual allegations other than those expressly admitted, PSS denies each and every

20  allegation contained therein.

21

22       67.     Answering Paragraph 67, PSS responds that the allegations contained

23  therein state only arguments and conclusions of law, and therefore require no

24  response.  To the extent that Paragraph 67 contains any factual allegations, PSS

25  denies each and every one of those allegations.

26

27       68.     Answering Paragraph 68, PSS responds that the allegations contained

28  therein state only arguments and conclusions of law, and therefore require no

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1   response.  To the extent that Paragraph 68 contains any factual allegations, PSS

2   denies each and every one of those allegations.

3

4       69.    Answering Paragraph 69, PSS responds that the allegations contained

5   therein state only arguments and conclusions of law, and therefore require no

6   response.  To the extent that Paragraph 69 contains any factual allegations, PSS

7   denies each and every one of those allegations.

8

9       70.    Answering Paragraph 70, PSS admits that during the relevant time

10  period, some of its employees, including Plaintiff, represented on their time records

11  that they had worked overtime, and were paid for those overtime hours accordingly.

12  The remaining allegations in Paragraph 70 state only arguments and conclusions of

13  law, and therefore require no response.  Except as expressly so admitted, and to the

14  extent that Paragraph 70 contains any factual allegations other than those expressly

15  admitted, PSS denies each and every allegation contained therein.

16

17      71.    Answering Paragraph 71, PSS responds that the allegations contained

18  therein state only arguments and conclusions of law, and therefore require no

19  response.  To the extent that Paragraph 71 contains any factual allegations, PSS

20  denies each and every one of those allegations.

21

22      72.    Answering Paragraph 72, PSS admits that during the relevant time

23  period, some of its employees, including Plaintiff, represented on their time records

24  that they had worked overtime, and were paid for those overtime hours accordingly.

25  Except as expressly so admitted, PSS denies each and every allegation contained in

26  Paragraph 72.

27

28

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

73.     Answering Paragraph 73, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 73 contains any factual allegations, PSS denies each and every one of those allegations.

74.     Answering Paragraph 74, PSS admits that Plaintiff seeks to recover certain wages allegedly owed to him and a proposed class of individuals, as well as interest, costs, and statutory penalties.  PSS denies that certification of a class would be appropriate in this matter, or that Plaintiff or the putative class members are entitled to any relief.  The remaining allegations in Paragraph 74 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 74 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

### THIRD CAUSE OF ACTION

75.     Answering Paragraph 75, PSS admits that Plaintiff seeks to re-allege and incorporate by reference "paragraphs 1 through 75 [*sic*] of [his] Complaint." PSS hereby incorporates by reference each of its responses to the allegations that Plaintiff re-alleges and incorporates by reference in Paragraph 75.

76.     Answering Paragraph 76, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 76 contains any factual allegations, PSS denies each and every one of those allegations.

77.     Answering Paragraph 77, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no

1    response.  To the extent that Paragraph 77 contains any factual allegations, PSS

2    denies each and every one of those allegations.

3

4           78.    Answering Paragraph 78, PSS responds that the allegations contained

5    therein state only arguments and conclusions of law, and therefore require no

6    response.  To the extent that Paragraph 78 contains any factual allegations, PSS

7    denies each and every one of those allegations.

8

9                          FOURTH CAUSE OF ACTION

10          79.    Answering Paragraph 79, PSS admits that Plaintiff seeks to re-allege

11    and incorporate by reference "paragraphs 1 through 79 [*sic*] of [his] Complaint."

12    PSS hereby incorporates by reference each of its responses to the allegations that

13    Plaintiff re-alleges and incorporates by reference in Paragraph 79.

14

15          80.    Answering Paragraph 80, PSS responds that the allegations contained

16    therein state only arguments and conclusions of law, and therefore require no

17    response.  To the extent that Paragraph 80 contains any factual allegations, PSS

18    denies each and every one of those allegations.

19

20          81.    Answering Paragraph 81, PSS responds that the allegations contained

21    therein state only arguments and conclusions of law, and therefore require no

22    response.  To the extent that Paragraph 81 contains any factual allegations, PSS

23    denies each and every one of those allegations.

24

25          82.    Answering Paragraph 82, PSS responds that the allegations contained

26    therein state only arguments and conclusions of law, and therefore require no

27    response.  To the extent that Paragraph 82 contains any factual allegations, PSS

28    denies each and every one of those allegations.

83.    Answering Paragraph 83, PSS states that the allegations therein are vague and ambiguous as to "definite term" and "employment contract," and are otherwise unintelligible.  On that basis, PSS denies each and every allegation contained in Paragraph 83.

84.    Answering Paragraph 84, PSS responds that the allegations contained therein state only arguments and conclusions of law, and therefore require no response.  To the extent that Paragraph 84 contains any factual allegations, PSS denies each and every one of those allegations.

85.    Answering Paragraph 85, PSS admits that some of the individuals falling within the scope of Plaintiff's proposed "CALIFORNIA LABOR SUB-CLASS" are no longer employed with the Company.  The remaining allegations in Paragraph 85 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 85 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

86.    Answering Paragraph 86, PSS admits that Plaintiff seeks to recover waiting time penalties under California Labor Code section 203, on behalf of himself and a proposed class of individuals.  PSS further admits that Plaintiff seeks to recover other wages, interest, and costs to which Plaintiff believes he and the putative class members are entitled.  PSS denies that certification of a class would be appropriate in this matter, or that Plaintiff or the putative class members are entitled to any relief.  The remaining allegations in Paragraph 86 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 86 contains any factual

allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

87.     Answering Paragraph 87, PSS admits that Plaintiff seeks to re-allege and incorporate by reference "paragraphs 1 [through] 87 [*sic*]" of his Complaint. PSS hereby incorporates by reference each of its responses to the allegations that Plaintiff re-alleges and incorporates by reference in Paragraph 87.

88.     Answering Paragraph 88, PSS admits that the California Private Attorneys General Act ("PAGA") authorizes an individual to pursue a law enforcement action on behalf of the state government.  The remaining allegations in Paragraph 88 state only arguments and conclusions of law, and therefore require no response.  Except as expressly so admitted, and to the extent that Paragraph 88 contains any factual allegations other than those expressly admitted, PSS denies each and every allegation contained therein.

89.     Answering Paragraph 89, PSS admits that Plaintiff seeks to pursue an action for civil penalties under the PAGA statute, based on California Labor Code and Industrial Welfare Commission wage order violations allegedly committed by the Company against Plaintiff and a proposed group of "aggrieved employees." PSS denies that allowing Plaintiff to pursue a representative action (in any form) would be appropriate in this matter, or that Plaintiff or the allegedly aggrieved employees at issue are entitled to any relief.  Except as expressly so admitted, PSS denies each and every allegation contained in Paragraph 89.

90.     Answering Paragraph 90, PSS admits that on March 4, 2013, it received – through its registered agent for service of process – a letter from

-22-

1  Plaintiff's counsel (dated March 1, 2013) alleging that the Company had violated

2  certain provisions of the California Labor Code and Industrial Welfare Commission

3  wage orders.  PSS further admits that this letter was received via certified mail.

4  PSS lacks knowledge or information sufficient to form a belief about the truth of

5  Plaintiff's allegation that his March 1, 2013 letter was also sent via certified mail to

6  the California Labor and Workforce Development Agency and, on that basis, denies

7  that allegation.  The remaining allegations in Paragraph 90 state only arguments and

8  conclusions of law, and therefore require no response.  Except as expressly so

9  admitted, and to the extent that Paragraph 90 contains any factual allegations other

10  than those expressly admitted, PSS denies each and every allegation contained

11  therein.

12

13      91.     Answering Paragraph 91, PSS admits that Plaintiff seeks to pursue an

14  action for civil penalties under the PAGA statute, based on California Labor Code

15  and Industrial Welfare Commission wage order violations allegedly committed by

16  the Company against Plaintiff and a proposed group of "aggrieved employees."

17  PSS denies that allowing Plaintiff to pursue a representative action (in any form)

18  would be appropriate in this matter, or that Plaintiff or the allegedly aggrieved

19  employees at issue are entitled to any relief.  The remaining allegations in

20  Paragraph 91 state only arguments and conclusions of law, and therefore require no

21  response.  Except as expressly so admitted, and to the extent that Paragraph 91

22  contains any factual allegations other than those expressly admitted, PSS denies

23  each and every allegation contained therein.

24

25                    PRAYER FOR RELIEF

26      92.     Answering Plaintiff's Prayer for Relief (the "Prayer"), including all

27  paragraphs within that section of Plaintiff's Complaint, PSS denies that Plaintiff or

28  any one of the individuals whom Plaintiff seeks to represent in this action (on either

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1   a class or representative action basis) has been or will be damaged in the sums

2   alleged, in any other sum, or at all, by reason of any act or omission on the part of

3   PSS or any of its officers, employees, or other agents.  PSS further denies that

4   Plaintiff or any one of the individuals whom Plaintiff seeks to represent in this

5   action (on either a class or representative action basis) is entitled to any one of the

6   elements of relief sought in the Prayer.

7

8                              **AFFIRMATIVE DEFENSES**

9

10      PSS also pleads the following separate and affirmative defenses to the

11   Complaint.

12

13                 FIRST SEPARATE AND AFFIRMATIVE DEFENSE

14      93.     The Complaint, and each purported cause of action contained therein,

15   fails to state a claim upon which relief can be granted.

16

17                 SECOND SEPARATE AND AFFIRMATIVE DEFENSE

18      94.     The Complaint is barred, in whole or in part, to the extent that Plaintiff

19   and/or members of the purported class (the existence of which is expressly denied)

20   failed to properly and timely exhaust their administrative remedies.

21

22                 THIRD SEPARATE AND AFFIRMATIVE DEFENSE

23      95.     The Complaint, and each purported cause of action contained therein,

24   is barred to the extent that Plaintiff cannot properly represent the interests of the

25   purported class.

26

27

28

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

96.     The Complaint, and each purported cause of action contained therein, is barred by all applicable statutes of limitations, including but not limited to those set forth in: (A) California Code of Civil Procedure sections 338, 339, 340, and 377; (B) California Labor Code sections 200 *et seq.* (including the statute of limitations applicable to Plaintiff's California Labor Code section 226 claim), 1171 *et seq.*, and 2699 *et seq.*; and (C) California Business and Professions Code section 17208.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

97.     The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff and/or members of the purported class (the existence of which is expressly denied) acted with unclean hands, by, for example, falsifying timecards and/or other PSS documents and records.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

98.     Plaintiff and members of the purported class (the existence of which is expressly denied), are estopped from asserting the Complaint, and each purported cause of action contained therein, by their own actions and course of conduct, by, for example, falsifying timecards and/or other PSS documents and records.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

99.     Plaintiff's claims for injunctive and other equitable relief are barred to the extent that Plaintiff and/or members of the purported class (the existence of which is expressly denied) have an adequate and complete remedy at law.

DEFENDANT PSS WORLD MEDICAL, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

<u>EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

100.   The Complaint, and each purported cause of action contained therein, is barred because if PSS ever owed any obligation to Plaintiff and/or members of the purported class (the existence of which is expressly denied), the same has been timely paid and satisfied.

<u>NINTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

101.   Plaintiff and members of the purported class (the existence of which is expressly denied) are not entitled to any penalty or damages award pursuant to California Labor Code §§ 226 or 1194, or any other similar penalty provision applicable to the Complaint, because PSS acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the Labor Code, wage orders, or any other applicable laws.  To the extent that Plaintiff and/or the purported class members (1) were instructed to regularly review the accuracy of their time records, (2) were given the opportunity to raise issues related to hours worked and recorded, (3) represented to PSS that they had been fully paid for all time worked, and/or (4) were paid in accordance with their timecards and related records, PSS understood that it had fully discharged its obligations and complied with such laws.

<u>TENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

102.   The Complaint is barred, in whole or in part, to the extent that Plaintiff and/or members of the purported class (the existence of which is expressly denied) have released and/or settled the bona fide wage disputes or claims asserted in this action.

LEGAL_US_E # 107282769.1

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

103.   The Complaint is barred, in whole or in part, by the Motor Carrier Act, 29 U.S.C. § 213(b)(1), IWC Wage Order 9-2001 § 3(L).

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

104.   The First Cause of Action is barred because restitution under California Business and Professions Code § 17200 *et seq.* denies PSS due process and otherwise impinges upon the Company's procedural and substantive due process rights, and violates the United States Constitution.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

105.   The First Cause of Action is barred because Plaintiff and members of the purported class (the existence of which is expressly denied) are not seeking recovery of a quantifiable sum owed.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

106.   The Second Cause of Action is barred, in whole or in part, to the extent that the time for which Plaintiff seeks compensation is *de minimis.*

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

107.   The Third Cause of Action is barred to the extent that PSS's failure, if any, to provide, maintain, and/or preserve accurate wage statements was inadvertent and/or due to clerical error.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

108.   The Fourth Cause of Action for waiting time penalties under California Labor Code § 203 is barred because at all times relevant to the Complaint, PSS did not willfully fail to comply with the applicable provisions of

-27-

1   the California Labor Code and California Industrial Welfare Commission wage

2   orders, but rather, the Company acted based on a good faith belief that its acts were

3   lawful.

4

5   <u>SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

6   109.   Because liability and/or damages, if any, to each member of the

7   purported class (the existence of which is expressly denied) may not be determined

8   by a single fact-finder or on a group-wide basis, allowing this action to proceed as a

9   class action would violate PSS's rights to due process and trial by jury.

10

11   <u>EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

12   110.   PSS currently has insufficient knowledge or information on which it

13   may form a belief as to whether it may have additional, yet unasserted, affirmative

14   defenses.  PSS therefore reserves the right to assert additional affirmative defenses

15   in the event that discovery and/or further investigation indicates that they would be

16   appropriate.

17

18   WHEREFORE, PSS prays for judgment as follows:

19

20   1.   That the Court deny class certification in this matter;

21

22   2.   That the Court deny representative status for purposes of Plaintiff's

23   PAGA cause of action;

24

25   3.   That Plaintiff and the putative class members take nothing by reason of

26   Plaintiff's Complaint, that the Complaint be dismissed in its entirety with prejudice,

27   and that judgment be entered for PSS and against Plaintiff;

28

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1       4.     That PSS be awarded its reasonable costs and attorneys' fees; and

2

3       5.     That PSS be awarded such other further relief as the Court deems just

4   and proper.

5

6   DATED:  November 26, 2013    PAUL HASTINGS LLP
    MARY C. DOLLARHIDE

7       HALEY M. MORRISON
    MARIO C. ORTEGA

8

9

10      By:_____/s/ Mario C. Ortega_____
    MARIO C. ORTEGA

11      Attorneys for Defendant

12      PSS WORLD MEDICAL, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-

DEFENDANT PSS WORLD MEDICAL,
INC.'S FIRST AMENDED ANSWER
TO PLAINTIFF'S COMPLAINT

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

3

 Defendant PSS World Medical, Inc. hereby demands a jury trial on all issues

4

triable to a jury.

5

6

7

DATED:  November 26, 2013     PAUL HASTINGS LLP
                              MARY C. DOLLARHIDE
                              HALEY M. MORRISON
                              MARIO C. ORTEGA

8

9

10

                              By:_____/s/ Mario C. Ortega_____

11

                                       MARIO C. ORTEGA

12

                              Attorneys for Defendant
                              PSS WORLD MEDICAL, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2         I am employed in the City and County of San Diego, State of
California.  I am over the age of 18, and not a party to the within action.  My
3   business address is 4747 Executive Drive, 12th Floor, San Diego, California  92121.

4         On December 2, 2013, I served:

5   **DEFENDANT PSS WORLD MEDICAL, INC.'S FIRST AMENDED**
**ANSWER TO PLAINTIFF CAREY HAUSER'S COMPLAINT**
6

7   on the party(ies) in this action by placing a true copy thereof in a sealed
envelope(s), addressed as follows:

8
### See Attached Service List
9

10   [X]   (BY E-FILE)  I electronically filed the foregoing with the Clerk of the
Court using the CM/ECF system which will send notification of such
filing to counsel denoted on the attached Service List, and I hereby
11   certify that I have mailed the foregoing document(s) via the United
States Postal Service to the non-CM/ECF participants indicated on the
12   attached Service List.

13   [ ]   (BY MAIL)  I placed each such sealed envelope, with postage thereon
fully prepaid for first-class mail, for collection and mailing at Paul
14   Hastings LLP, San Diego, California, following ordinary business
practices.  I am familiar with the practice of Paul Hastings LLP for
15   collection and processing of correspondence, said practice being that in
the ordinary course of business, correspondence is deposited in the
16   United States Postal Service the same day as it is placed for collection.

17   [ ]   (BY PERSONAL DELIVERY)  I then sealed the envelope and caused it
to be hand delivered to the offices of the addressee(s) below.
18

19   [ ]   (BY UNITED PARCEL SERVICE) I am readily familiar with the
practice of Paul Hastings LLP for collection and processing of
20   correspondence for overnight delivery and know that the document(s)
described herein will be deposited in a box or other facility regularly
21   maintained by United Parcel Service for overnight delivery.

22

23   [X]   (FEDERAL)  I declare that I am employed in the office of a member of
the bar of this court, at whose direction this service was made.

24

25         Executed at San Diego, California on December 2, 2013.

26

27   *Lucia Levine*
    LUCIA LEVINE

28

1

2

## SERVICE LIST

3   Jean-Claude Lapuyade
    JCL Law Firm
4   10731 Treena Street, Suite 101
    San Diego, CA  92131
5   Tel. (619) 599-8292
6   Fax:  (619) 599-8291
    Email:  jlapuyade@jcl-
7   lawfirm.com

8

9   Norman B. Blumenthal
    Blumenthal, Nordrehaug &
10  Bhowmik
    2255 Calle Clara
11  La Jolla, CA  92037
12  Tel. (858) 551-1223
    Fax:  858-551-1232
13  Email:  norm@bamlawlj.com

14

15  Attorneys for Plaintiff
    CAREY HAUSER

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_E # 104615019.1